IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK GRISSOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: 2:23-cv-116-ACA |
| | ) | |
| **ANNAH ROBERTS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## **MEMORANDUM OPINION**

Plaintiff Mark Grissom, who is proceeding *pro se*, was a fact witness in a different case that involved allegations of governmental misconduct. The Alabama Department of Revenue subsequently initiated an audit of Mr. Grissom's taxes. Mr. Grissom sued various governmental officials, alleging that the timing of the audit reflects a governmental conspiracy to retaliate against him for being a witness. All defendants move to dismiss for failure to state a claim. (Docs. 42, 43, 44).[1]

Because Alabama is immune from suit, the court **WILL GRANT** Alabama's motion. Because Defendant Hays Webb is entitled to prosecutorial immunity and Mr. Grissom has not plausibly alleged that Mr. Webb participated in a conspiracy, the court **WILL GRANT** Mr. Webb's motion. The court **WILL GRANT IN PART**

---

[1]Although Defendants Annah Roberts and Malia Williams (collectively, the "Auditor Defendants") each filed a motion, it appears they jointly move to dismiss. (*See* docs. 43, 44). The motions are identical in all respects. (*Compare* doc. 43, *with* doc. 44). Accordingly, the court cites both motions as though separately filed.

and **DENY IN PART** the Auditor Defendants' motions. Because it appears that Mr. Grissom has not adequately alleged his conspiracy claims against the Auditor Defendants, Mr. Grissom is **ORDERED TO SHOW CAUSE** on or before **NOVEMBER 22, 2023** why those claims should not be dismissed.

## I.   BACKGROUND

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019). Accordingly, these are the facts alleged by Mr. Grissom construed in the light most favorable to him:

In a separate case, Mr. Grissom's son alleged that an Alabama State trooper stopped him without probable cause in violation of the Fourth Amendment. (Doc. 41 at 18). Mr. Grissom attended every hearing for that case and contends that he witnessed governmental misconduct such as evidence tampering and witness retaliation. (*See, e.g.*, *id.* at 18–20). Mr. Grissom's son then filed several complaints against various governmental officials, including Mr. Webb and the State of Alabama, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on the governmental misconduct that Mr. Grissom contends he witnessed. (*Id.* at 21). Mr. Grissom was a fact witness in his son's RICO cases. (*Id.* at 18).

Around the same time, the Alabama Department of Revenue initiated an audit of Mr. Grissom's taxes. (*See* doc. 41 at 21–22). Ms. Roberts conducted the tax audit. (*Id*. at 21). Mr. Grissom contends that the tax audit did not occur in compliance with the taxpayer bill of rights because Ms. Roberts refused to meet with him. (*Id*.). Ms. Roberts then issued a warrant for tax penalties and collections without providing information to Mr. Grissom regarding how to resolve these issues. (*Id*. at 21–22). At some point, Ms. Roberts then conveyed to Mr. Grissom that the warrant was a mistake. (Doc. 41 at 22).

Three years later (in 2023), Ms. Williams contacted Mr. Grissom and notified him that his taxes were again under review. (*Id*. at 23). Ms. Williams did not provide Mr. Grissom with the taxpayer bill of rights. (*Id*.). Mr. Grissom contends that Ms. Williams avoided calling the tax review an audit yet requested all the information and documentation that would be required to conduct a tax audit. (*Id*.).

According to Mr. Grissom, the timing of the initial tax audit and the 2023 tax review reflect a conspiracy among Defendants to retaliate against him for being a witness in his son's RICO cases, in violation of various federal laws and amendments to the U.S. Constitution. (*Id*. at 4–8; *see also id*. at 9–10). As relief, Mr. Grissom seeks monetary damages from all defendants. (*See* Doc. 41 at 23–25). Mr. Grissom further requests that the court enjoin the Auditor Defendants and the State

of Alabama from conducting future tax audits and reviews. (*Id.* at 25). Mr. Grissom names each individual defendant in his or her individual capacity. (*Id.* at 2).

## II. DISCUSSION

Mr. Grissom's complaint is not entirely clear. But he is proceeding *pro se*, and the court construes *pro se* pleadings liberally. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The court construes Mr. Grissom's "Statement of Claim" to plead two groups of claims under 42 U.S.C. § 1983: (1) that the Auditor Defendants, Mr. Webb, and the State of Alabama conspired to deprive Mr. Grissom of his right to due process under the Fourteenth Amendment (Count One, Count Three, Count Five, and Count Six) and (2) that the Auditor Defendants and the State of Alabama conspired to conduct an unreasonable search and seizure in violation of the Fourth Amendment (Count Two, Count Four, and Count Seven). (Doc. 41 at 9–18).[2]

### a. Alabama's Motion to Dismiss

Alabama asserts that it is immune from suit pursuant to the Eleventh Amendment. (Doc. 42 at 7–8). "Absent waiver by the State or valid congressional

---

[2] Mr. Grissom enumerates his claims sequentially as to each individual defendant rather than as to all his claims. Accordingly, Count One is Mr. Grissom's first claim against Ms. Roberts (doc. 41 at 9); Count Two is Mr. Grissom's second claim against Ms. Roberts (*id.* at 10); Count Three is Mr. Grissom's first claim against Ms. Williams (*id.* at 11); Count Four is Mr. Grissom's second claim against Ms. Williams (*id.* at 12); Count Five is Mr. Grissom's sole claim against Mr. Webb (doc. 41 at 13); Count Six is Mr. Grissom's first claim against the State of Alabama (*id.* at 15); Count Seven is Mr. Grissom's second claim against the State of Alabama (*id.* at 17).

4

override, the Eleventh Amendment bars a damages action against a State in federal court." *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) (quotation marks omitted and alterations accepted). Neither exception applies.

First, Alabama has not waived its immunity from suit. *See generally* Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); *see also Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). Second, Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Carr*, 916 F.2d at 1525. Accordingly, the Eleventh Amendment precludes this court from exercising jurisdiction over Mr. Grissom's claims against Alabama, and the court **WILL GRANT** Alabama's motion.

b. <u>Mr. Webb's Motion to Dismiss</u>

As described above, the court construes Mr. Grissom's claim against Mr. Webb to allege that Mr. Webb conspired with his codefendants to deprive Mr. Grissom of his right to due process under the Fourteenth Amendment. Mr. Grissom's claim appears to be based on two events: (1) how Mr. Webb handled the case involving Mr. Grissom's son and (2) the timing of Mr. Grissom's tax audit and tax review. (*See* doc. 41 at 13–14).

Mr. Webb contends that he is entitled to prosecutorial immunity to the extent that Mr. Grissom's claim is based on how Mr. Webb handled Mr. Grissom's son's

5

case. (Doc. 42 at 12). Mr. Grissom responds that he has pleaded his claim against Mr. Webb as an individual actor, rather than against the District Attorney's office. (*See*, *e.g.*, doc. 50 at 5).

"A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks omitted); *accord Kassa v. Fulton Cnty.*, 40 F.4th 1289, 1292 (11th Cir. 2022). For example, "[p]rosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." *Hart*, 587 F.3d at 1295 (cleaned up). Accordingly, to the extent Mr. Grissom's claim is based on Mr. Webb's role as an advocate (*see* doc. 41 at 13–14), Mr. Webb is entitled to prosecutorial immunity.

Mr. Grissom's claim against Mr. Webb includes more than simply Mr. Webb's role as an advocate: Mr. Grissom also alleges that Mr. Webb engaged in a conspiracy to initiate a tax audit and tax review. (*See* doc. 41 at 14). Because those allegations do not involve Mr. Webb's role as a prosecutor, prosecutorial immunity does not apply. *See*, *e.g.*, *Kassa*, 40 F.4th at 1295. Accordingly, the court turns to Mr. Webb's other argument for dismissal.

Mr. Webb contends that Mr. Grissom has not adequately alleged that he conspired with any codefendant to violate Mr. Grissom's right to due process when the Auditor Defendants initiated an audit and subsequent review of Mr. Grissom's taxes. (*See* doc. 42 at 15–17). Mr. Grissom responds that he pleaded a "pattern of activity" to support his conspiracy claim. (Doc. 50 at 7).

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). "[M]ore than mere conclusory notice pleading is required" because "a defendant must be informed of the nature of the conspiracy which is alleged." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). "It is not enough to simply aver in the complaint that a conspiracy existed." *Id*. at 557.

Mr. Grissom has not pleaded the essential elements of his claim in a non-conclusory nature. Mr. Grissom does not allege that Mr. Webb entered into an agreement with the Auditor Defendants. (*See* doc. 41 at 18–23). He instead alleges that publicly available websites "show a family/work connection between" one of the Auditor Defendants and Mr. Webb. (*Id*. at 23). Specifically, Mr. Grissom alleges that Ms. Roberts's brother-in-law worked with Mr. Webb at some point. (Doc. 41 at 23; *see also id*. at 9). But Mr. Grissom does not explain how these allegations reflect an agreement between Mr. Webb and the Auditor Defendants, and the court cannot

7

reasonably draw that inference. Accordingly, Mr. Grissom has not alleged a plausible claim that Mr. Webb conspired to violate his federal rights.

The court therefore **WILL GRANT** Mr. Webb's motion to dismiss. (Doc. 42). To the extent Mr. Grissom's claims are based on Mr. Webb's role as an advocate, District Attorney is entitled to prosecutorial immunity. To the extent Mr. Grissom's claims against Mr. Webb are based on his alleged participation in a governmental conspiracy after Mr. Grissom's son's case concluded, Mr. Grissom has not stated a plausible claim against Mr. Webb.

### c.  The Auditor Defendants' Motions to Dismiss

As described above, the court construes Mr. Grissom's allegations to allege two claims against the Auditor Defendants: (1) that they conspired with their codefendants to deprive Mr. Grissom of his right to due process under the Fourteenth Amendment and (2) that they conspired with the State of Alabama to conduct an unreasonable search and seizure in violation of the Fourth Amendment. The Auditor Defendants present three arguments for dismissal of all claims against them, and the court will consider each in turn.

First, the Auditor Defendants contend that the Tax Injunction Act precludes this court from enjoining further tax audits of Mr. Grissom. (*See* doc. 43 at 6–9; *accord* doc. 44 at 6–9). Mr. Grissom responds that the jurisdictional argument "is

moot" because the tax audit has already interrupted and tampered with federal proceedings. (Doc. 42 at 3).

The Tax Injunction Act prohibits districts courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "[T]he test of an adequate state court procedure is whether it provides taxpayers with a full hearing and judicial determination at which they may raise any and all constitutional objections to the tax." *Williams v. City of Dothan*, 745 F.2d 1406, 1412 (11th Cir. 1984) (quotation marks omitted and alterations accepted).

Alabama law allows taxpayers to appeal disputes with the Alabama Department of Revenue to the Alabama Tax Tribunal or to an Alabama state court. *See* Ala. Code § 40-2A-4(a)(4). Mr. Grissom has not asserted that this procedure is inadequate. Accordingly, to the extent Mr. Grissom requests that the court enjoin Auditor Defendants from future tax audits (*see* doc. 41 at 25), the court is without jurisdiction to grant him that relief.

Second, Auditor Defendants contend that Mr. Grissom asserted claims under various criminal statutes that do not provide a private right of action. (*See* doc. 43 at 5–6; *accord* doc. 44 at 5–6). Although it is difficult at times to discern the nature of

Mr. Grissom's allegations, the court does not construe the allegations to assert claims under those criminal statutes. *See supra* at 4.

Third, the Auditor Defendants assert that they are entitled to Eleventh Amendment immunity. (Doc. 43 at 6–7; *accord* doc. 44 at 6–7). "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). "[T]he Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." *Id*. Mr. Grissom sued the Auditor Defendants in their individual capacities. (*See* doc. 41 at 2). Accordingly, the Eleventh Amendment does not protect them from suit.

The Auditor Defendants ultimately do not address the merits of Mr. Grissom's core claims: that the timing of the tax audit reflects a governmental conspiracy to violate his Fourth and Fourteenth Amendment rights. The court's independent review of these claims reveals that they have not been adequately alleged.

As described above, Mr. Grissom has not plausibly alleged a conspiracy existed between Defendants. Mr. Grissom does not allege that Auditor Defendants entered into an agreement with Mr. Webb. (*See* doc. 41 at 9–12). Mr. Grissom instead alleges that publicly available websites "show a family/work connection between" one of the Auditor Defendants and Mr. Webb. (*Id*. at 23). Specifically, Mr. Grissom alleges that Ms. Roberts's brother-in-law worked with Mr. Webb. (Doc. 41

at 23; *see also id.* at 9). But Mr. Grissom does not explain how these allegations reflect an agreement between Mr. Webb and the Auditor Defendants, and the court cannot reasonably draw that inference.

"Prior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015). The court is mindful that *sua sponte* dismissals should be entered cautiously, *see Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007), and the Eleventh Circuit "ordinarily give[s] *pro se* litigants more leeway when it comes to drafting," *see Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019). But the court has given Mr. Grissom four opportunities to plead his claims against the Auditor Defendants (*see* doc. 1; doc. 24; doc. 35; doc. 41), and his allegations remain deficient.

Accordingly, the court **ORDERS** Mr. Grissom to show cause on or before **NOVEMBER 22, 2023** why the court should not dismiss his remaining claims against the Auditor Defendants for failure to state a claim. The court **DIRECTS** Mr. Grissom to limit his response to **TEN PAGES**. The court **FURTHER DIRECTS** Mr. Grissom to limit the subject matter of his response to his claims against the Auditor Defendants. Mr. Grissom is **WARNED** that failure to comply with the court's instructions may result in appropriate sanctions.

### III. CONCLUSION

The court **WILL GRANT** Alabama's motion to dismiss. The court **WILL GRANT** District Attorney's motion to dismiss. The court **WILL GRANT IN PART** and **DENY IN PART** Auditor Defendants' motion to dismiss. The court **ORDERS** Mr. Grissom to show cause on or before **NOVEMBER 22, 2023** why the court should not dismiss his remaining claims against the Auditor Defendants for failure to state a claim.

The court will enter a separate order accompanying this memorandum opinion.

**DONE** and **ORDERED** this November 8, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE