IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK GRISSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:23-cv-116-ACA |
| ) | |
| ANNAH ROBERTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Mark Grissom, proceeding *pro se*, filed his initial complaint on January 27, 2023. (Doc. 1). After several rounds of motion and pleading practice, Mr. Grissom filed a second amended complaint (doc. 41), which is the operative complaint. Although the second amended complaint named four defendants and asserted several claims (*see generally id.*), all that remains are claims that Defendants Annah Roberts and Malia Williams (collectively, the "Auditor Defendants") conspired to violate Mr. Grissom's rights under the Fourth and Fourteenth Amendments (doc. 55 at 10; doc. 56).

In a previous order, the court noted that Mr. Grissom had not plausibly alleged the existence of a conspiracy and ordered him to show cause why the court should not dismiss his conspiracy claims. (Doc. 55 at 10–11). Mr. Grissom's response reiterates the facts and claims alleged in his operative complaint and seeks to add equal protection claims against the Auditor Defendants. (Doc. 57). The court

construes this as a motion to amend the complaint. The Auditor Defendants responded, seeking dismissal because Mr. Grissom still failed to state a claim. (Doc. 58). The court ordered Mr. Grissom to reply to the Auditor Defendants' arguments (doc. 59), but Mr. Grissom has not done so.

Because Mr. Grissom's current and proposed claims fail to state a claim, the court **WILL DENY** Mr. Grissom leave to amend (doc. 57) and **WILL DISMISS** Mr. Grissom's claims **WITH PREJUDICE**.

I. BACKGROUND

In reviewing the legal sufficiency of a complaint, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The facts Mr. Grissom alleged in his operative complaint are the same as those he proposes to allege in an amended pleading. (*Compare* doc. 41 at 9–23, *with* doc. 57 at 2–9). The court has recited those allegations before. (*See* doc. 55 at 2–4).

In summary, Mr. Grissom alleges that he was a fact witness in lawsuits his son brought against the State of Alabama and District Attorney Hayes Webb. (Doc. 41 at 18, 21). Around the same time, Ms. Roberts, on behalf of the Alabama Department of Revenue, audited Mr. Grissom's taxes and eventually issued a warrant for tax penalties and collection, all without complying with the taxpayer bill of rights or allowing Mr. Grissom to resolve the tax issues. (*See id.* at 21–22). At

some point, Ms. Roberts stated that the warrant for collection was a mistake. (*Id.* at 22).

After the "audit three year period expired," Ms. Williams contacted Mr. Grissom and notified him that his taxes were again under review. (*Id.*). Ms. Williams did not provide Mr. Grissom with the taxpayer bill of rights. (Doc. 41 at 22). Ms. Williams avoided calling the "tax review" an audit yet she requested all the information and documentation that would be required to conduct a tax audit. (*Id.*). Mr. Grissom's "taxes were recently rejected." (*Id.*). The more recent tax troubles occurred when Mr. Grissom's son filed a motion for the United States Supreme Court to issue an injunction to stop witness intimidation and retaliation. (*Id.*).

According to Mr. Grissom, the timing of the initial tax audit and the subsequent tax review reflect a conspiracy to retaliate against him for being a witness in his son's lawsuits. (Doc. 41 at 9–10). The court previously construed the operative complaint to allege two groups of claims: (1) that the Auditor Defendants conspired to deprive Mr. Grissom of his right to due process under the Fourteenth Amendment and (2) that the Auditor Defendants conspired to conduct an unreasonable search and seizure in violation of the Fourth Amendment. (Doc. 55 at 4; *see also* doc. 41 at 9–18). Mr. Grissom's motion to amend retains those claims and seeks to add claims

3

that the Auditor Defendants violated the Equal Protection Clause of the Fourteenth Amendment. (Doc. 57 at 5–9).

## II. DISCUSSION

A claim is legally insufficient if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Id*. at 555. In addition, although the "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a district court may deny leave to amend as futile when the proposed claims would be subject to dismissal, *see Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1074 (11th Cir. 2017).

### 1. The Conspiracy Claims

To state a claim for conspiracy to violate constitutional rights, a plaintiff must "show[ ] a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). "[M]ore than mere conclusory notice pleading is required" because "a defendant must be informed of the nature of the conspiracy which is alleged." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). "It is not enough to simply aver in the complaint that a conspiracy existed." *Id*. at 557.

The court's previous opinion found that Mr. Grissom had not pleaded facts to support the existence of a conspiracy. (Doc. 55 at 10–11; *see also id.* at 7–8). Although the court gave Mr. Grissom notice of this deficiency and an opportunity to respond (*id.* at 12), Mr. Grissom's response does nothing more than repeat the same insufficient allegations (*see generally* doc. 57). Neither the allegations in Mr. Grissom's operative complaint (doc. 41 at 18–23), nor Mr. Grissom's proposed amendment (doc. 57 at 2–9), permit the court to draw the inference that the Auditor Defendants entered a conspiracy to deprive Mr. Grissom of any constitutional rights. Accordingly, the court **WILL DENY** leave to amend and **WILL DISMISS** Mr. Grissom's remaining claims **WITH PREJUDICE**.

2. The Equal Protection Clause Claims

Mr. Grissom also proposes a new theory of liability under the Equal Protection Clause of the Fourteenth Amendment. (*See* doc. 57 at 7, 9). "The Fourteenth Amendment's Equal Protection Clause provides that 'no State shall deny to any person within its jurisdiction the equal protection of the laws.'" *Adams v. Demopolis City Sch.*, 80 F.4th 1259, 1272 (11th Cir. 2023) (quoting U.S. Const. amend. XIV, § 1) (alterations accepted). To adequately state a claim under the Equal Protection Clause, Mr. Grissom must, at a minimum, allege facts from which a factfinder could infer that the defendants treated him differently from others who are similarly situated to him. *See Arthur v. Thomas*, 674 F.3d 1257, 1262 (11th Cir. 2012). But

Mr. Grissom has not alleged any facts that support these proposed claims. (*See generally* doc. 57). Accordingly, the court also concludes that these proposed claims are futile and **WILL DENY** leave to amend.

### III. CONCLUSION

The court **WILL DENY** Mr. Grissom leave to amend and **WILL DISMISS** Mr. Grissom's claims **WITH PREJUDICE**. The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 26, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE